Rebecca Grey (State Bar No. 194940)
grey@greylaw-sf.com
THE GREY LAW FIRM, P.C.
177 Post Street, Suite 750
San Francisco, California 94108
Telephone: (415) 262-9926
Facsimile: (415) 262-9981

Attorney for Plaintiff and Counterdefendant
DEVRA BOMMARITO

Sean P. Nalty (State Bar No. 121253)
sean.nalty@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: (415) 442-4810
Facsimile: (415) 442-4870

Attorney for Defendant and Counterclaimant
THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVRA BOMMARITO, an individual,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY and MARK MAJEWSKI,<br><br>    Defendant and Counterclaimant. | Case No. 2:15-cv-01187-WBS-DB<br><br>**JOINT STIPULATION AND REQUEST TO MODIFY THE PREVIOUS PRETRIAL SCHEDULING ORDERS; [PROPOSED] ORDER**<br><br>Complaint Filed: June 1, 2015<br>Current Trial Date: July 17, 2018<br>Judge: Hon. William B. Shubb |

Plaintiff and Counterdefendant DEVRA BOMMARITO and Defendant and Counterclaimant THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, through their undersigned counsel hereby request that the Court adopt the stipulated modifications to the Scheduling Order in this matter set forth below based on the following:

### A. Current Status

WHEREAS, Plaintiff filed the complaint in this matter on June 1, 2015. She alleges claims for relief for breach of contract and breach of the covenant of good faith and fair dealing ("bad faith") based on the alleged wrongful denial of her claim for disability benefits by Defendant.

WHEREAS, on October 7, 2015, the Honorable William B. Shubb issued a Pretrial Scheduling Order setting forth the discovery deadlines, motion hearing schedule, final Pretrial Conference, and trial date in this matter. Due to the Plaintiff's substitution of counsel, and difficulties created by a criminal investigation, the Court in a May 27, 2016 order modified the scheduling order concluding with a Jury Trial date: October 24, 2017 at 9:00 a.m. On December 28, 2016, due to Plaintiff's counsel's diagnosis with and treatment for cancer, this Court granted a joint stipulation, with modification, extending the pre-trial schedule concluding with a Jury Trial date: February 6, 2018 at 9:00 a.m. (Docket 31.) The Court further modified the pre-trial scheduling order in its order of May 17, 2017 (Dkt. 33) and of December 18, 2017 continuing pre-trial dates, concluding with a trial date of July 17, 2018.

WHEREAS, due to the unforeseen circumstances and delays set forth below, and in order for the Motion for Summary Judgment to be heard after the deposition of a new witness appearing as a declarant in support of Defendant's Motion for Summary Judgment in the matter, and in order for the parties to have an opportunity to discuss a mediated resolution of the matter after the criminal trial and before the trial in this action, the parties request the modifications set forth at the end of this stipulation.

### B. The Status of and Trial in the Criminal Action

WHEREAS, on February 22, 2016, Plaintiff was charged with making a fraudulent claim for insurance payment, insurance fraud, grand theft of personal property, and making false entries in records by the San Joaquin County District Attorney's Office. Plaintiff is charged with felony

JOINT STIPULATION AND REQUEST TO MODIFY PREVIOUS PRETRIAL  Case No. 2:15-cv-01187-WBS-DB
SCHEDULING ORDERS

insurance fraud with regard to the claim for disability benefits submitted to Defendant, the same claim for disability benefits that is the subject of Plaintiff's claims for relief for breach of contract and bad faith in this action. After a preliminary hearing in September 5, 2017, Bommarito was held for trial which was then scheduled for April 10, 2018.

WHEREAS, at the trial readiness hearing in February 2018 the criminal trial was continued to September 4, 2018.

The Parties agree that the criminal trial significantly impacts the prosecution of this matter, whether by jury trial or mediated settlement. Although Plaintiff maintains and reserves to right to move that a criminal indictment should be excluded from the evidence in her civil trial, the criminal verdict could have an impact on her claims for breach of contract and bad faith. The claim for relief for bad faith will be presented to the Court in an entirely different fashion depending on whether she is convicted or acquitted.

The determination of the criminal action plays a significant role on how the claims for relief for breach of contract and bad faith will be presented to this Court. Finally, the criminal verdict may enable resolution of this matter through mediated settlement. The parties would endeavor to maximize opportunity for settlement presented after a criminal resolution and before trial before this Court.

**C.** **Discovery Regarding Defendant's Motion for Summary Judgment and/or Adjudication**

WHEREAS, Defendant filed its Motion for Summary Judgment on February 26, 2018 on 1) the issue of bad faith and punitive damages and 2) contending that Plaintiff's entire action against Defendant is governed by ERISA (Dkt 36). Defendant's motion relies upon, in part, the declaration of Donald Seebach regarding the application and underwriting process for Plaintiff, her business partner and certain individuals identified as employees of XCEL Physical Therapy for disability coverage issued by Defendant (Dkt 36-8). The Seebach declaration regarding the purported XCEL employees' application for and/or enrollment in a disability benefits policy issued by Defendant forms the basis for Defendant's claim that the matter is not governed by state insurance laws, but rather is preempted by ERISA.

Mr. Seebach does not appear in any of Defendant's four initial and supplemental disclosures nor was he identified as or by any witness previously deposed in this matter, nor in any discovery response. Discovery is closed. Upon receipt of the Motion for Summary Judgment, Plaintiff immediately noticed the deposition of Mr. Seebach. The deposition will likely take place in Milwaukee in early or mid-April and will require cross-country travel for all counsel.

WHEREAS, Defendant contends that its FRCP Rule 36(b)(6) witness previously testified on the matters set forth in the Seebach declaration.

WHEREAS, Plaintiff requires the deposition of Mr. Seebach in order to respond to Defendant's motion for ERISA preemption of this matter. The Seebach declaration is the lynchpin of the ERISA preemption argument. It sets forth the factual predicate upon which Defendant relies to contend that the individual policies purchased by XCEL's two owners were part of an ERISA benefit plan which also provided disability benefits to non-owning XCEL staff. The Seebach declaration purports to establish that Plaintiff's business "sponsored" the "disability coverage" which is a necessary factor to demonstrate possible ERISA preemption. The facts set forth in Mr. Seebach's declaration are disputed by Plaintiff, who is entitled to cross-examine this previously unknown witness to address the contentions therein.

Plaintiff is entitled to this discovery, and the brief continuance enabling it under FRCP 56(d), which provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

The parties agree the continuance to complete this discovery is necessary, as it avoids the potential longer delay which would be necessitated by a FRCP 56(d) continuance ruling after the primary briefing on the matter. After meeting and conferring, Defendant's counsel stated that Mr. Seebach was not available on April 9, 2018, the date for which the deposition was noticed, but he would endeavor to find a time in early to mid-April to make him available.

### D. The Motion to Disqualify

As this Court is aware, the filing of Summary Judgment alerted Plaintiff's counsel to the fact that the paralegal for her law-firm who had worked on the Bommarito matter had subsequently been hired by the Ogletree firm, counsel for Defendant. In a flurry of *ex parte* briefings on shortened time, Plaintiff moved for an order to disqualify counsel for Defendant. Defendant filed two oppositions, Plaintiff filed a reply and there was a hearing on the matter on March 2, 2018. The Court issued its order denying the motion later the same day. During that hearing, counsel for both parties expressed the need for a continuance of the pre-trial and trial dates due to both 1) the interruption occasioned by the interim motion which was made during the short period Plaintiff was alloted to draft and file her opposition and 2) Plaintiff's deposition of Mr. Seebach, the previously undisclosed Northwestern employee who filed an important declaration in support of Defendant's dispositive motion. The Court stated that it would consider any such requests after the ruling on the disqualification motion. Since that hearing (one week ago), counsel for the parties have been meeting and conferring regarding the appropriate scheduling for the deposition, the continuation of the MSJ briefing and the pre-trial deadlines.

### E. Plaintiff's Counsel's Battle with Cancer

Previous continuances have been ordered as a result of Plaintiff's counsel's cancer diagnosis in October of 2016. For much of the fall, winter and spring of 2016-2017, counsel for Plaintiff was undergoing treatment for cancer. She has completed treatement and recovered. Due to Plaintiff's battle with cancer, the Parties stopped prosecuting this matter altogether for much of the winter of 2016 and 2017. Plaintiff's counsel has recovered fully and the Parties have completed most discovery. The parties acknowledge this circumstance was the basis for previous continuances necessitated by counsel's diagnosis, treatment and recovery.

### F. Requested Modifications to the Scheduling Order

Therefore, based on the need for further discovery before the filing of Plaintiff's opposition to Defendant's dispositive motion, the status of the criminal action, the interruption necessitated by the briefing and hearing for Plaintiff's motion to disqualify, and the opportunity for settlement after the criminal trial's resolution; and mindful of the previous continuances necessitated by counsel for Plaintiff's substitution of counsel after the Complaint was filed, Plaintiff's counsel's battle with cancer,

1  the Parties to this matter, through their counsel of record, hereby stipulate to the following
2  modifications to the Scheduling Order in this matter and respectfully request that the Court issue an
3  order modifying the Scheduling order as requested. At the same time the schedule compels the Parties
4  to complete discovery and prepare for trial.

- Proposed date for Plaintiff's Opposition to the Motion for Summary Judgment to be filed: May 29, 2018
- Proposed date for Defendant's Reply to be filed: June 11, 2018
- Proposed date for hearing Defendant's Motion for Summary Judgment: July 9, 1018.
- Proposed Final Pretrial Conference: October 9, 2018.
- Proposed trial date: December 4, 2018.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:   March 21, 2018                         THE GREY LAW FIRM, P.C.

                                        By:  /s/ *Rebecca Grey*
                                             Rebecca Grey
                                             Attorney for Plaintiff and Counterdefendant
                                             DEVRA BOMMARITO

Dated:   March 21, 2018                         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                        By:  /s/ *Sean P. Nalty*
                                             Sean P. Nalty
                                             Attorney for Defendant and Counterclaimant
                                             THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

- Plaintiff's Opposition to the Motion for Summary Judgment to be filed: May 29, 2018
- Defendant's Reply to be filed: June 11, 2018
- Hearing on Defendant's Motion for Summary Judgment: July 9, 1018 at 1:30 p.m.

-6-

JOINT STIPULATION AND REQUEST TO MODIFY PREVIOUS PRETRIAL SCHEDULING ORDERS                                    Case No. 2:15-cv-01187-WBS-DB

- Final Pretrial Conference: October 9, 2018 at 1:30 p.m.
- Trial date: December 4, 2018 at 9:00 a.m.

Dated: March 22, 2018

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE